RECEIVED
MAR 13 2003

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2003 MAR 14 A 11: 45
US DISTRICT COURT
BRIDGEPORT CT

TANYA BUTLER,

    Plaintiff

v.

JOHN E. POTTER, POSTMASTER GENERAL

    Defendant

Docket No. 3:02CV01896 (SRU)

Date: March 12, 2003

## REPORT OF PARTIES' PLANNING MEETING

Date Complaint Filed:    October 25, 2002

Date Complaint Served:    November 13 and 14, 2002[1]

Date of Defendant's Appearance:    January 10, 2003

Answer Filed:    January 10, 2003

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 38, a conference held on January 10, 2003, February 7, 2003, March 11, 2003 and March 12, 2003 ail and facsimile. The participants were:

Jerald S. Barber, Esquire, for the Plaintiff

Anthony T. Rice, Special Assistant U.S. Attorney, for the Defendant

**CERTIFICATION**

The undersigned counsel certify that they have communicated, with each other their respective clients, the nature and basis of the parties' claims and defenses

Report Approved. Discovery cutoff date January 30, 2004.
Dispositive motions due by March 1, 2004
Status Conference to be held on date to be set
An order indicating the Conference time will separately issue.
SO ORDERED
3/17/03
Stefan R. Underhill, U.S.D.J.

1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TANYA BUTLER,<br><br>    Plaintiff<br><br>v.<br><br>JOHN E. POTTER, POSTMASTER GENERAL<br><br>    Defendant | Docket No. 3:02CV01896 (SRU)<br><br>Date: March 12, 2003 |

**REPORT OF PARTIES' PLANNING MEETING**

Date Complaint Filed:                October 25, 2002

Date Complaint Served:            November 13 and 14, 2002[1]

Date of Defendant's Appearance:    January 10, 2003

Answer Filed:                        January 10, 2003

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 38, a conference was held on January 10, 2003, February 7, 2003, March 11, 2003 and March 12, 2003 by mail and facsimile. The participants were:

    Jerald S. Barber, Esquire, for the Plaintiff

    Anthony T. Rice, Special Assistant U.S. Attorney, for the Defendant

**I.    CERTIFICATION**

The undersigned counsel certify that they have communicated, with each other and their respective clients, the nature and basis of the parties' claims and defenses

1

and any possibility of achieving a prompt settlement or other resolution of the case and, in consultation with each other and their respective clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their respective clients.

II. **JURISDICTION**

    A. **Subject Matter Jurisdiction**:

Per the Plaintiff:

Plaintiff invokes subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, 29 U.S.C. §§ 621-634, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. §§ 12101-12213.

Per the Defendant:

Defendant contests subject matter jurisdiction pursuant to 42 U.S.C. § 1343, inasmuch as the Defendant denies that the Plaintiff can maintain a viable claim pursuant to 42 U.S.C. § 1985. Defendant also contests subject matter jurisdiction over any claimed violations of Connecticut state law, inasmuch as the Plaintiff is a Federal employee, bringing an action for alleged discrimination in the context of her employment with a Federal agency and, therefore, no state law employment claim is cognizable.

    B. **Personal Jurisdiction:**

Per the Plaintiff:

The Plaintiff alleges that this action arises under, 29 U.S.C. §§ 621-634, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. §§ 12101-12213 and that the Court's jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

---

[1] The U.S. Attorney for the District of Connecticut was served with a copy of the Complaint on November 13, 2002. The Postal Service Northeast Area Law Office was served with a copy of the Complaint on

2

Per the Defendant:

Defendant contests personal jurisdiction based upon Plaintiff's failure to properly serve process upon the Defendant, as required by the applicable Federal Rule of Civil Procedure.

## III. BRIEF DESCRIPTION OF CASE

A. Plaintiff's Claims:

The Plaintiff seeks to recover damages and other relief resulting from violations of Title VII, Federal and Connecticut state statute and common law by the Defendant.

B. Defenses and Claims (Counterclaims, Cross Claims, Third Party Claims:

Defendant has asserted factual and legal defenses, including that the Plaintiff has failed to state a claim upon which relief can be granted, that the events claimed did not occur, that any actions taken by the U.S. Postal Service were for legitimate, nondiscriminatory reasons, that Plaintiff was not damaged as the result of any action or inaction by the U.S. Postal Service, its agents, servants or employees, that her claims are barred by the applicable administrative and judicial statutes of limitation, that the Plaintiff has failed to effect proper service upon the Defendant and that punitive damages are not available, against the Defendant, as a matter of law.

C. Defenses and Claims of Third Party Defendant(s):

There are no Third Party Defendants in this case.

## IV. STATEMENT OF UNDISPUTED FACTS

Counsel certify that they have made a good faith attempt to determine what, if any, material facts are not in dispute. The parties state that the following material facts are not in dispute:

---

November 14, 2002. No other service has been made to date.

3

1. The identity and address of the Plaintiff.

2. The U.S. Postal Service operates a facility in Stamford, CT.

3. The Plaintiff is an African-American female

4. The Defendant is an independent establishment with the executive branch of the United States, and is charged, *inter alia*, with the processing and distribution of mail

5. The Defendant employed the Plaintiff, commencing on February 9, 1980 as a Distribution Clerk and that, on July 8, 1995, the Plaintiff was reassigned to the position of Supervisor, Customer Services, EAS-16 level, in the Stamford, CT Post Office.

6. The position of Supervisor, Customer Services, EAS-16 level includes supervisory/managerial duties and that the compensation for this position is governed by the applicable Postal Service salary schedule and regulations.

7. The Officer-in-Charge of the Stamford, CT Post Office from approximately March to September 1996 recommended that the Plaintiff receive an "Unacceptable" rating on her "EAS Merit Performance Evaluation." This recommendation was subsequently approved by the District Manager for the U.S. Postal Service Connecticut District.

## V.  CASE MANAGEMENT PLAN

A.  <u>Standing Order on Scheduling in Civil Cases</u>:

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases, as follows:

Motions pursuant to Fed. R. Civ. P. 12(b) and 56 shall not be due until 30 days after the completion of all discovery.

B.   Scheduling Conference with Court:

The parties do not request a pretrial conference with the Court before entry of a scheduling order, pursuant to Fed. R. Civ. P. 16(b).

C.   Early Settlement Conference:

1.   The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is not likely at this time.

2.   The parties do not request an early settlement conference.

3.   If the Court schedules this matter for a settlement conference, Plaintiff prefers a settlement conference with a Magistrate Judge and Defendant prefers a settlement conference with a Magistrate Judge. The parties do not request an early settlement conference.

4.   The parties do not presently request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

D.   Joinder of Parties and Amendment of Pleadings:

1.   Defendant does not currently anticipate the joinder of additional parties.

2.   Plaintiff does not anticipate that she will seek to amend her complaint.

E.   Discovery:

1.   The parties anticipate that discovery will be needed on the following subjects: The facts and circumstances concerning the "Unacceptable" recommendation received by the Plaintiff, the Plaintiff's non-work related injury, the restrictions upon the

5

Plaintiff's ability to engage in her employment activities as a result of this injury, the Plaintiff's alleged disability, as defined by the applicable law, the Defendant's offer to accommodate the Plaintiff's alleged disability, the factual and legal basis for Plaintiff's discrimination claims and claims for monetary damage and other relief.

2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26 (b) (4), will be commenced within ten (10) days after this Court's entry of a scheduling order and completed (not propounded) by January 30, 2004.

3. Discovery will not be conducted in phases.

4. There are no issues for early discovery.

5. The parties anticipate that the Plaintiff will require a total of up to 7 depositions and the Defendant will require a total of up to 7 depositions, of fact witnesses. The depositions will commence by June 1, 2003 and be completed by January 30, 2004.

6. The parties will be limited to a total of 25 interrogatories, including subparts.

7. Plaintiff may call expert witness(es) at trial. Plaintiff will designate all trial experts and provided opposing counsel with reports pursuant to Fed. R. Civ. P. 26 (a) (2) by October 30, 2003. Depositions of such experts will be completed by January 30, 2004.

8. Defendant may call expert witness (es) at trial. Defendant will designate all trial experts and provide opposing counsel with reports pursuant to Fed. R. Civ. P. 26 (a) (2) by December 30, 2003. Depositions of such experts will be completed by January 30, 2004.

9. A damages analysis will be provided by Plaintiff by December 15, 2003.

G. <u>Dispositive Motions</u>:

Dispositive motions will be filed on or before 30 days after the close of discovery.

H. <u>Joint Trial Memorandum</u>:

The joint trial memorandum required by the Standing Order of Trial Memoranda in Civil Cases will be filed by 45 days following ruling on dispositive motions, if any; otherwise, it will be filed 45 days after the close of discovery.

## VI.  TRIAL READINESS

The case will be ready for trial by March 15, 2004

As officers of the court, counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

## VII.  MISCELLANEOUS

Counsel aver that Defendant's counsel forwarded correspondence to Plaintiff's counsel on January 10, 2003 and February 7, 2003 in connection with the preparation of the "Report of Parties' Planning Meeting. Plaintiff's counsel responded, telephonically, to the aforesaid correspondence and the subject report was being prepared as of the receipt of this Court's order, dated March 5, 2003. The professional schedule of the Plaintiff's counsel also impeded an earlier filing of this Report.

Respectfully submitted,

The Plaintiff:

_____
Jerald S. Barber, Esquire
Williams & Barber
129 Church Street, Suite 511
New Haven, CT 06510
(203) 787-2236
CT Federal Bar No.

The Defendant:

By its attorney:
KEVIN J. O'CONNOR
United States Attorney

_____
Anthony T. Rice
Special Assistant U.S. Attorney
United States Postal Service
Northeast Area Law Office
8 Griffin Road North
Windsor, CT 06006-0170
(860) 285-7098
E-Mail: arice@email.usps.gov
Connecticut Federal Bar No. ct 22474

Respectfully submitted,

The Plaintiff:

*[signature]*

Jerald S. Barber, Esquire
Williams & Barber
55 Church Street, Suite 800A
New Haven, CT 06510
(203) 787-2236
(203) 782-2843 (fax)
CT Federal Bar No. ct 14513

The Defendant:

_____
Anthony T. Rice
Special Assistant U.S. Attorney
United States Postal Service
Northeast Area Law Office
8 Griffin Road North
Windsor, CT 06006-0170
(860) 285-7098
E-Mail: arice@email.usps.gov
Connecticut Federal Bar No. ct 22474