UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TANYA I. BUTLER,           )<br>                            )<br>       Plaintiff           )<br>                            )<br>v.                          )<br>                            )<br>                            )<br>JOHN E. POTTER, Postmaster )<br>General                     )<br>                            )<br>       Defendant           )  | Docket No. 3:02CV01896 (SRU)<br><br><br><br><br>April 15, 2004 |

## DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

Pursuant to Rule 9 (c) (1) of the Local Rules of Civil Procedure, the defendant sets forth the following statement of material facts, as to which the defendant contends there is no genuine issue to be tried.

1.  The plaintiff, Tanya Butler, is an employee of the United States Postal Service. At all times relevant to this action, she was a Supervisor, Customer Services, at the Stamford, CT Post Office. *Complaint ¶¶ 9, 11.*

2.  In July 1995, the plaintiff was promoted to the position of Supervisor, Customer Services, EAS-16. This position's salary and benefits are governed by the Postal Services Executive and Administrative Schedule ("EAS") and the position is governed by the Postal Service's rules and regulations. *Report of Parties' Planning Meeting, Statement of Undisputed Facts, ¶¶ 5, 6.*

3.  The plaintiff was absent from work from approximately July 1995 through April or May 1996. *Complaint ¶¶ 14, 15; Answer, ¶¶14, 15; Plaintiff's Deposition, Ex. 3, pp. 16-17.* From March through September 1996, James

1

Long, the current Postmaster of the Stamford, CT Post Office, was the Officer-In-Charge ("OIC") at the Stamford Post Office ("Long"). In this capacity, Long evaluated the plaintiff's work performance and rated the plaintiff's performance as "unacceptable" for fiscal year 1996. This rating was subsequently approved by the then-Postal Service, Connecticut District Human Resources Manager, Gerald Newlan ("Newlan"). *Report of Parties' Planning Meeting, Statement of Undisputed Facts,* ¶ 7; *"EAS Merit Performance Evaluation" Ex. 2, p. 13.*

4. Long, who is white/Caucasian, also rated seven (7) other Stamford Post Office employees for their performance during fiscal year 1996. This employee group, composed of supervisors and managers, consisted of five males and two females, who were all white/Caucasian, of Irish, Italian or unknown national origin. The member of this group were all, save one, older than the plaintiff and all were over 40 years of age at the time of their respective evaluations. The plaintiff was 41 years old and Long was 45 years old at the time of these evaluations and that of the plaintiff. *Ex. 2, p. 6.*

5. In fiscal year 1996, the plaintiff had used 1669 hours of leave; the other, contemporaneously-rated supervisory employees used from between 171 hours and 338 hours for the same period. *Ex. 2, p. 6.*[1]

6. Each of the seven other supervisory employees rated by Long for fiscal year 1996 received a rating of "met objectives/expectations". *Ex. 2, p. 6.*

7. On October 28, 1996, the plaintiff sought EEO counseling with the Postal Service, alleging claims of race, color, sex, national origin, age physical

---

[1] The other supervisory employees rated by Long used 171, 172 188, 244, 251, 259 and 388 hours of leave, respectively, during fiscal year 1996.

2

disability and retaliation, in connection with her receipt of an "unacceptable" merit evaluation rating and not receiving an "EVA" bonus for fiscal year 1996.[2] *Ex. 2, p. 33.*

8.   On December 30, 1996, the plaintiff filed an "EEO Complaint of Discrimination in the Postal Service", again alleging claims of race, color, sex, national origin, age physical disability and retaliation, in connection with her receipt of an "unacceptable" merit evaluation rating and not receiving an "EVA" bonus for fiscal year 1996.[3] *Ex. 2, pp. 29-32.*

9.   On February 25, 1997, the Postal Service notified the plaintiff that it was dismissing, as untimely, her claims alleging denial of a reasonable accommodation in November 1995, her claim of discrimination related to being scheduled for disability retirement counseling in May 1996 and her claim of discrimination in connection with her receipt of an "unacceptable" merit evaluation rating for fiscal year 1995.[4] The Postal Service informed the plaintiff that it would investigate her claims of alleged discrimination based upon her race, color, national origin, sex, age, disability and retaliation in connection with her receipt of an "unacceptable" merit evaluation rating for fiscal year 1996, in October 1996. *Ex. 2, pp. 25-27.*

---

[2] "EVA"; "economic value added" was a former Postal Service compensation system that included EAS employees. The plaintiff did, in fact, receive a prorated EVA bonus for fiscal year 1996. *Ex. 2, p. 5*

[3] The plaintiff also alleged that she was denied a reasonable accommodation on November 22, 1995, that she was scheduled for disability retirement counseling on May 23, 1996, that she received an "unacceptable" EAS merit evaluation rating in July 1996 (for fiscal year 1995). However, these claims are not raised in the Complaint filed in this Court.

[4] Postal Service employees are required to seek EEO counseling within forty-five (45) days of an alleged discriminatory action. 29 C.F.R. § 1614.105(a) (1).

3

10. On March 12, 1997, the Postal Service affirmed its dismissal of all of the plaintiff's claims, except for the claims related to the October 1996 "unacceptable" merit evaluation rating. *Ex. 2, p. 24.*

11. On July 10, 1997 and, again on August 16, 1997, the Postal Service notified the plaintiff that it had completed its investigation into her discrimination complaint and advised her of her right to request a final agency decision, a hearing before the Equal Employment Opportunity Commission ("EEOC") or to file a civil action in the United States District Court. The plaintiff requested a hearing before the EEOC. *Ex. 2, pp. S-V.*

12. On June 10, 2002, the EEOC dismissed the plaintiff's claims, due to the plaintiff's failure to submit an affidavit during the EEO investigation process and the plaintiff's subsequent failure to response to an "Order to Show Cause" issued by the EEOC. *Ex. 2, p. L-M.*

13. On July 22, 2002, the Postal Service issued a "Notice of Final Decision" in connection with the plaintiff's discrimination complaint. The *final* decision notice informed the plaintiff that the Postal Service was closing the plaintiff's claim as unsupported. *Ex. 2, pp. A-K.*

14. On October 25, 2002, the plaintiff filed the instant civil action in this Court. The plaintiff has asserted claims of discrimination based on age (Count I), gender, race and color (Count II) and claims pursuant to Connecticut state law (Count III). The plaintiff seeks monetary damages for current and future lost wages and benefits, emotional distress, damage to her personal and professional

reputation. The plaintiff also seeks punitive damages in connection with the allegations made pursuant to Connecticut state law. *Complaint, Cts. I-III.*

15. The plaintiff is the only black/African-American supervisory employee rated by Long in fiscal year 1996. She is also the only supervisory employee who received an "unacceptable" rating from Long for the same time period. *Ex. 2, p. 6.*

16. When asked to articulate the factual basis for her claim of race discrimination, the plaintiff testified: "I don't know. I'm a Black-American. I was evaluated by a white male." *Plaintiff's Deposition, Ex. 3, p. 39.*

17. The plaintiff admits that Long never uttered any racial epithet or otherwise made any inappropriate comment or remark to her. *Ex. 3, p. 41.*

18. The plaintiff testified that the same factual basis that supported her claim of race discrimination also supported her claim of discrimination based upon her color. *Ex.3, pp. 44-45.*

19. Long believed that the plaintiff's absence for more than 70% of her work year merited an "unacceptable" rating, inasmuch as she did not contribute to the Postal Service for most of the relevant fiscal year. *Ex. 2, p. 8.*

20. Long believed that the plaintiff's extended absence resulted in her not performing her duties and, therefore merited an "unacceptable" rating. Long did not believe that any other rating, including "Not Rated" was applicable to the plaintiff's situation. *Ex. 4-Declaration of J. Long.*

21. When asked in her deposition if she thought that Long's reason for giving her an "unacceptable" merit evaluation rating was pretextual; whether he

5

was being truthful in asserting the reason, the plaintiff stated that she does not know. *Ex. 3, p. 61.*

22. Attendance at work is an important function of any position with the Postal Service, due to the operational problems that are created by absences. *Ex. 3, p. 46.*

23. There were a total of eight employees, including the plaintiff, evaluated by Long for fiscal year 1996. This total includes three females, including the plaintiff. *Ex. 2, p. 6.*

24. Long evaluated five male management employees during fiscal year 1996. *Ex. 2, p. 6.*

25. Long did not evaluate any other management officials at the Stamford, CT Post Office for fiscal year 1996 and, specifically, did not evaluate either Robert Palmer of David Duddie, as claimed by the plaintiff. *Ex.4- Declaration of J. Long.*

26. Long was not ordered by Newlan to give the plaintiff an unacceptable rating. *Ex.4- Declaration of J. Long; Ex. 5-Declaration of R. Morrell.*

27. The plaintiff never had any negative interaction with Gerald Newlan. *Ex 3, p. 31.*

28. The plaintiff does not have any knowledge of the attendance records of the management employees that she claims were treated better in the fiscal year 1996 merit rating evaluations, because of their male gender. *Ex. 3, p. 38.*

29.  Six of the seven employees, other than the plaintiff, who were evaluated by Long for fiscal year 1996, were older than the plaintiff at the time of the evaluation process.  The remaining employee was exactly seven months younger than the plaintiff.  Long was four years older than the plaintiff as the time of the challenged evaluation. *Ex. 2, p. 6.*

30.  The plaintiff does not know the attendance records of any allegedly younger employee evaluated by Long for fiscal year 1996. *Ex. 3, p. 35.*

31.  The attendance record of the only employee younger than the plaintiff and also evaluated by Long for fiscal year 1996, Brian Dolan, shows that Mr. Dolan had used 244 hours of leave that year, as compared to the plaintiff's use of 1669 hours for the same period. *Ex. 2, p. 6.*

The Defendant

By his attorney:
KEVIN J. O'CONNOR
United States Attorney

Anthony T. Rice
Special Assistant U.S. Attorney
United States Postal Service
Law Department
Northeast Area Office
Windsor, CT 06006-0170
(860) 285-7098
E-Mail: anthony.t.rice@usps.gov
Connecticut Federal Bar No. ct 22474

## CERTIFICATE OF SERVICE

I, Anthony T. Rice, Special Assistant U.S. Attorney, hereby certify that I served a copy of the attached document, by first-class mail, postage prepaid, upon the following persons:

Jerald S. Barber, Esq.
Williams & Barber
55 Church Street, Suite 800A
New Haven, CT 06510


Dated: April 15, 2004

Anthony T. Rice

8