UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**FILED**

TANYA I. BUTLER,  )

       Plaintiff  )

       2004 JUN 15 P 1: 04

       U.S. DISTRICT COURT
       BRIDGEPORT, CONN

v.  )  Docket No. 3:02CV01896(SRU)

JOHN E. POTTER, Postmaster  )
General  )

       )  June 14, 2004

## PLAINTIFF'S MEMORANDUM OF LAW IN REPLY TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### Factual Background

The plaintiff, Tanya Butler, is an employee of the United States Postal Service. At all times, relevant to this action, she was a Supervisor, Customer Services, at the Stamford, Connecticut Post Office. Complaint paragraphs 9, 11.

The plaintiff had been promoted to the position of Supervisor, Customer Services, EAS-16 in July 1995. This position's salary and benefits are governed by the Postal Services Executive and Administrative Schedule ("EAS") and the position is governed by the Postal Service's rules and regulations. Report of parties planning meeting, statement of undisputed facts, paragraphs 5, 6.

The plaintiff was injured in a non-work related automobile accident in July of 1995. Complaint paragraphs 14, 15. As such, the plaintiff was absent from work from approximately July 1995 through May, 1996. During plaintiff's absence from work, James Long, the current postmaster of the Stamford, Connecticut Post Office, was the Officer in Charge ("OIC") at the Stamford, Post Office. As the "OIC", Long completed an EAS Merit Performance Evaluation and rated plaintiff's performance as

1

"Unacceptable" for fiscal year 1996. This rating unfairly and inappropriately described plaintiff as an "individual whose performance relative to the basic expectations of the job was unsatisfactory, including poor quality results and failure to meet commitments." Exhibit 1  Prior to and subsequent to fiscal year 1996, plaintiff's performance has always exceeded expectations of the job. Accordingly, Long's inappropriate rating was false and damaging to plaintiff's employment.

More appropriately, Long could have rated plaintiff's performance "Not Rated" which was defined as "experience with the individual's performance was insufficient to determine an appropriate performance category or other relevant contingency." Exhibit 1.

In fiscal year 1986, the plaintiff had used 1669 hours of leave. "EAS Merit Performance Evaluation" page 13 attached as Exhibit 2 to defendant's motion for summary judgment. This leave was requested and approved.

On October 28, 1996, the plaintiff sought EEO counseling with the Postal Service, alleging claims of race, color, sex, national origin, age physical disability and retaliation, in connection with her receipt of an "unacceptable", in connection with her receipt of an "Unacceptable" merit evaluation and not receiving and EVA bonus for the fiscal year. Id., page 33. On December 30, 1996 the plaintiff filed and EEO Complaint of Discrimination in the Postal Service, again alleging claims of race, color, sex, national origin, age physical disability and retaliation connection with her receipt of an "Unacceptable" merit evaluation and not receiving and EVA bonus for the fiscal year. Id., page 29-32.

On June 10, 2002., the EEOC dismissed the plaintiff's claims, on procedural grounds.  On July 22, 2002, the Postal Service issued a "Notice of Final Decision" in

connection with the plaintiff's discrimination complaint.   On October 25, 2002, the plaintiff filed the instant action in this Court.   The plaintiff has asserted claims of discrimination based on age, gender, race, color and claims pursuant to Connecticut state law.

Argument

Summary judgment "shall be rendered forthwith" if (emphasis added) the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).   A genuine issue of material fact exists if, based upon the evidence of record, a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 447 U.S. 242, 249 (1986); Sedotto v. Borg-Warner Protective Service Corp., 94 F.Supp. 3d 251 (2000).   The moving party bears the burden of showing that there exist no genuine factual issues to be tried. See  Gallo v. Prudential Residential Servs., Ltd. Partnership, 22 F.3d 1219, 1223 (2nd Cir. 1994).   In assessing the record to determine if such issues do exist, all ambiguities must be resolved and all inferences must be drawn in favor of the party against whom summary is sought. Anderson, 477 U.S. at 255.   In employment discrimination cases, the Second Circuit has cautioned that district courts "must be cautious about granting summary judgment to an employer when. . . intent is at issue," Gallo, 22 F.3d at 1224, which, of course, is usually the case.

The viability of an employment discrimination claim turns on the application of the burden shifting requirements set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817 (1973).   Plaintiff must first establish a prima facie case of discrimination.   If plaintiff satisfies this first requirement, the burden shifts to defendant

3

to articulate a legitimate, nondiscriminatory business reason for terminating plaintiff. Finally, if defendant articulates a legitimate reason for discharge, plaintiff must show that defendant's proffered reason is a pretext for discrimination.  Id.

In an employment discrimination case, a plaintiff's initial burden is to prove that he or she (1) was a member of a protected class, (2) was qualified for the position, (3) was discharged, and (4) that the discharge occurred under circumstances giving rise to an inference of discrimination. Rosen v. Thornburgh, 928 F.2d 528, 532 (2d. Cir.1991). This burden is not onerous, and is often characterized as de minimis.  Dister v. Continental Group, Inc., 859 F.2d 1108, 1114 (2d Cir. 1988).

In this case, plaintiff clearly establishes a prima facie case of discrimination.  It is undisputed that plaintiff is a member of a protected class and that the defendant's unacceptable rating was an  adverse employment action which continues to cause her harm.  Plaintiff has further demonstrated that she was more than qualified and was the only female African American supervisor.

The defendant in its brief has articulated a legitimate reason for plaintiff's rating, namely her attendance for the fiscal year 1996.  Plaintiff readily admits she was absent. However, plaintiff's extended absence was due to employer's unwillingness to timely perform her fitness for duty evaluation.  Moreover, if plaintiff's absence was the actual reason for the defendant's adverse action, then the defendant should have utilized the "Not Rated" category instead of "Unacceptable".   When a defendant articulates a legitimate reason for its action, the plaintiff's burden is to demonstrate that defendant's articulated reason was actually a pretext for discrimination. McDonnell Douglas Corp., 411 U.S. at 804.  A plaintiff can prove pretext either (1) by directly establishing that a

4

discriminatory reason more likely underlies the discharge or (2) by indirectly showing that the stated reason is "unworthy of credence." Id. Here Exhibit 1 is clear evidence that the defendant's action was a discriminatory pretext.

Conclusion

For the reasons stated above, the plaintiff respectfully submits that there exists genuine issues of material facts which makes summary judgment inappropriate.

The Plaintiff
By her attorney

Jerald S. Barber
Williams and Barber
55 Church Street, Suite 800A
New Haven, Connecticut 06510
Telephone (203) 787-2236
Facsimile (203) 782-2843
Ct. Federal Bar No. 14513

**Certification**

This is to certify that a copy of the foregoing Reply to Motion for Summary Judgment was mailed this 14th day of June, 2004, first class mail, postage prepaid to:

Anthony T. Rice
Special Assistant U.S. Attorney
United States Postal Service
Northeast Area Law Office
8 Griffin Road North
Windsor, Connecticut 06006-0170

Jerald Barber