UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 JUN 29 P 1:25

U.S. DISTRICT COURT
BRIDGEPORT, CONN

TANYA I. BUTLER, )
)
    Plaintiff )
)
v. )   Docket No. 3:02CV01896 (SRU)
)
)
JOHN E. POTTER, Postmaster )
General )
)
    Defendant )   June 28, 2004

### DEFENDANT'S REPLY BRIEF

The Defendant in the above-captioned action hereby replies to the Plaintiff's opposition to Defendant's motion for summary judgment.

### Plaintiff's Claims

The Plaintiff's opposition appears to focus on her claims of gender, race and color discrimination, inasmuch as she offers no rebuttal to the Defendant's arguments relative to the age discrimination claims and the claims asserted pursuant to Connecticut state law. For this reason, the Defendant replies only to the Plaintiff's claims of gender, race and color discrimination.

As noted in the Defendant's statement pursuant to Local Rule 56(a) 1[1], the Plaintiff asserts the same factual predicate for both the race and color discrimination claims. *Defendant's Statement Of Material Facts Not In Dispute* ¶ 18.

---

[1] In its pleading, the Defendant mistakenly referred to this statement, in accordance with the former local rule, as a Local Rule 9(c) 1 statement.

1

It also appears that the Plaintiff does not challenge the Defendant's factual assertions concerning the gender and age characteristics of the comparable employees in this case; those Stamford, CT Post Office supervisory employees who were also reviewed and rated by James Long at the same time that he reviewed and rated the Plaintiff.

## Factual Background

The Plaintiff admits that she was absent from work for an extended period during the relevant merit rating year and further admits that the Defendant has articulated a legitimate reason for James Long's assigning the Plaintiff an "unacceptable" merit rating. *Plaintiff's Memorandum of Law In Reply To Defendant's Motion For Summary Judgment, p. 4.*

The Plaintiff also concedes that it is her burden at this stage to prove that the Defendant's articulated reason was a pretext for discrimination. *Plaintiff's Memorandum of Law In Reply To Defendant's Motion For Summary Judgment, p. 4.*

In her opposition brief, the Plaintiff has failed to offer any evidence that the proffered reason for the Plaintiff being assigned an "unacceptable" rating was a pretext for discrimination. The thrust of the Plaintiff's argument is her assertion, made without reference to any record evidence, that her extended absence was "...due to employer's unwillingness to timely perform her fitness for duty evaluation." *Plaintiff's Memorandum of Law In Reply To Defendant's Motion For Summary Judgment, p. 4.* This assertion, viewed in the light most favorable to the Plaintiff, is not probative of any discrimination. The fitness-for-duty

2

examination referenced by the Plaintiff is actually one of two such examinations conducted in January and May 1996. The first examination, in January 1996, was scheduled by Deborah Essler, an Officer-In-Charge ("OIC") at the Stamford Post Office prior to Mr. Long. *Plaintiff's Deposition, pg. 50, Ex. 3-Defendant's Memorandum Of Law In Support Of Motion For Summary Judgment; Supplemental Declaration of J. Long, ¶ 4*. Subsequent to the examination, Ms. Essler received results indicating that the Plaintiff was not capable of returning to her position. *Supplemental Declaration of J. Long, ¶ 5.*

On February 8, 1996, Ms. Essler notified the Plaintiff of the examination results and scheduled her for retirement counseling, which the Plaintiff did not attend. *Supplemental Declaration of J. Long, ¶ 5.*

On May 1, 1996, Mr. Long caused the Plaintiff to be scheduled for a subsequent fitness-for-duty examination, which was performed on May 8, 1996. *Supplemental Declaration of J. Long, ¶ 6.*

On May 21, 1996, Mr. Long received the May 8 examination results, which cleared the Plaintiff to return to work. Upon receiving this information, Mr. Long notified the Plaintiff that she was to return to work on May 25, 1996. *Supplemental Declaration of J. Long, ¶ 7.*

The Plaintiff declined to return to work on May 25, 1996 and stated that she would return on June 3, 1996. *Supplemental Declaration of J. Long, ¶ 8.*

Upon receiving the Plaintiff's notice that she would not be returning to work as instructed, Mr. Long contacted the Plaintiff and informed her that he would not authorize her to remain out of work longer than necessary and

reiterated that she was required to return to work as of May 25. *Supplemental Declaration of J. Long,* ¶ 9.

## **Argument**

Contrary to the Plaintiff's assertions, the Defendant did not procrastinate in scheduling fitness-for-duty examinations. The examinations, conducted in January and May 1996, were followed up with appropriate management action. When Ms. Essler was informed that the Plaintiff was not medically cleared to return to work, she notified the Plaintiff and took steps to have the Plaintiff counseled relative to retirement; which efforts the Plaintiff rebuffed.

In May 1996, the second fitness-for-duty examination was conducted and, when Mr. Long was advised that the Plaintiff was fit to return to work, he immediately instructed her to return, effective May 25. The Plaintiff responded to this instruction by seeking a delay in her return to work. Mr. Long opposed the delay in the Plaintiff's return to work and insisted that she return as soon as possible. The Plaintiff's claim that she was unnecessarily delayed in her return to work is clearly controverted by the unrebutted documentary record.

The Plaintiff has offered no evidence that the Defendant's scheduling of the fitness-for-duty examinations was animated by discriminatory animus or that anyone not in the Plaintiff's protected class purviews was treated better in similar circumstances.

The Plaintiff also argues that it was unfair for Mr. Long to assign her an unacceptable rating when she was out of work, due to a non-work-related injury and that he could have utilized a "Not Rated" category. This argument fails

4

because the applicable law accords significant deference to an employer's decisions concerning employment criteria. See Tarshis v. The Reise Organization, 211 F. 3d 30, 37 (2d Cir. 2000)(although trial court must judge whether the proffered business reason is rational, under all of the circumstances, Title VII and the ADEA do not grant courts the authority to second-guess the wisdom of business decisions) (citing Parcinski v. Outlet Co., 673 F. 3d 34, 37 (2d Cir. 1982). Mr. Long testified, in both his EEO case affidavit and the declaration submitted in support of the Defendant's dispositive motion, that he believed that the Plaintiff's absence from work for an extended period of time was detrimental to the Postal Service and that he held a good-faith belief that the absence merited the "Unacceptable" rating that he accorded the Plaintiff. *Defendant's Memorandum Of Law In Support Of Motion For Summary Judgment, Ex. 2, pp. 8-8a; Ex. 4, ¶ 6.* While the Plaintiff may quarrel with what rating Mr. Long should have accorded her, she has offered no evidence that his good-faith decision to utilize an "Unacceptable" rating was not rational or was tainted by discriminatory animus.

Mr. Long's treatment of the Plaintiff is consistent with his treatment of all those subordinates that he evaluated in the relevant time frame; he utilized the same attendance criteria with each of the subordinates, including the Plaintiff.

No comparably situated employee was treated better than the Plaintiff. To be "similarly situated, the individuals with whom a plaintiff attempts to compare herself must be similarly situated in all material respects. LeViness v. Bannon, 2001 U.S. Dist. LEXIS 20593 (D. Conn. 2001) (citing Shumway v. United Parcel

5

Service, 118 F. 3d 60, 64 (2d Cir. 1997)). In the present case, the valid comparable employees are the other supervisors and managers that were rated by Mr. Long at the time that he rated the Plaintiff. The evidence is irrefutable that they were not "similarly situated" to the Plaintiff in the relevant material aspect; their attendance records. As demonstrated in the submitted record, the Plaintiff's attendance record, the pivotal decisional factor in Mr. Long's analysis, was strikingly worse than any other supervisor or manager contemporaneously evaluated by Mr. Long.

## Conclusion

For the reasons stated above, and stated in the Defendant's motion for summary judgment and supporting documents, the Defendant respectfully submits that there are no genuine issues of material fact requiring a trial and that the Court should enter judgment in favor of the Defendant.

> The Defendant, John E. Potter,
> Postmaster General:
>
> By his attorney:
> KEVIN J. O'CONNOR
> United States Attorney
>
> _____
> Anthony T. Rice
> Special Assistant U.S. Attorney
> United States Postal Service
> Law Department
> Northeast Area Office
> Windsor, CT 06006-0170
> (860) 285-7098
> E-Mail: anthony.t.rice@usps.gov
> Connecticut Federal Bar No. ct 22474

## CERTIFICATE OF SERVICE

I, Anthony T. Rice, Special Assistant U.S. Attorney, hereby certify that I served a copy of the attached document, by first-class mail, postage prepaid, upon the following persons:

Jerald S. Barber, Esq.
Williams & Barber
55 Church Street, Suite 800A
New Haven, CT 06510

Dated: June 28, 2004

_____
Anthony T. Rice

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TANYA I. BUTLER,              ) | |
|       Plaintiff          ) | |
| v.                            ) | Docket No. 3:02CV01896 (SRU) |
| JOHN E. POTTER, Postmaster    ) | |
| General                       ) | |
|       Defendant          ) | June 25, 2004 |

### Supplemental Declaration Pursuant to 28 U.S.C. § 1746

I, James Long, do hereby declare as follows:

1. I am currently the Postmaster of the Stamford, CT Post Office and I have personal knowledge of the facts and circumstances surrounding the claims in this case.

2. I was the Officer-In-Charge, a management official, in the Stamford, CT Post Office during Ms. Butler's tenure at that facility.

3. The Officer-In-Charge at the Stamford, CT Post Office, prior to my tenure, was Deborah Essler.

4. On January 2, 1996, Ms. Essler, notified Ms. Butler that she was scheduled for a fitness-for-duty examination on January 8, 1996.

5. On February 8, 1996, Ms. Essler, subsequent to receiving the results of the January 8 examination, notified Ms. Butler that Ms. Butler's medical condition prevented Ms. Butler from returning to work and made an appointment for Ms.

1

Butler to obtain retirement counseling. Ms. Butler did not attend this counseling and did not pursue the retirement option.

6.      On May 1, 1996, I caused Ms. Butler to receive a notice of a subsequent fitness-for-duty examination, which was scheduled for May 8, 1996.

7.      On May 21, 1996, subsequent to my receipt of the May 8 examination results, which cleared Ms. Butler for an unrestricted return to work, I notified Ms. Butler that she should return to the Ridgeway Station, Stamford, CT Post Office, on May 25, 1996.

8.      On May 22 and 23, 1996, Ms. Butler advised me, by telephone message and subsequently in writing, that she was unable to return to work on May 25 but would be able to commence working on June 3, 1996. A copy of Ms. Butler's May 23, 1996 correspondence is attached hereto as Exhibit 1.

9.      On May 23, 1996, and again on May 28, 1996, I informed Ms. Butler in writing that she was required to return work and to explain why she could not return earlier than June 3, 1996, notwithstanding the results of the May 8 fitness-for-duty examination. Copies of my May 23 and May 28, 1996 correspondence to Ms. Butler are attached hereto as Exhibits 2(a) and 2(b).

10.     I did not willfully or otherwise delay Ms. Butler's return to work. In fact, the opposite is true; I encouraged her return and rejected her request to delay her return.

3

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 25, 2004.

_____
James Long

3



May 23, 1996

Mr. James Long
Officer-In-Charge
421 Atlantic Street
Stamford, CT 06901-9998

Dear Mr. Long:

I will be unable to return to work on May 25, 1996 as set forth in your letter of May 21, 1996. However, I will be able to work beginning June 3, 1996 at 9:00 a.m. In the interim, please adjust my working schedule so as to exempt Saturday work. If questions, please call me at (203) 776-6565.

Thank you.

Sincerely,

Tanya Butler

Ex. 1

0328



**UNITED STATES POSTAL SERVICE**

May 23, 1996                                               CERTIFIED # Z 167 137 307

Ms. Tanya Butler
595 Orchard St.
New Haven CT  06511-3215

Dear Tanya:

I received your phone message from May 22, 1996, regarding your request for an adjustment to your scheduled return date.

For operational reason, I can not approve this.

Please call of there are any questions, (203) 977-0894.

Sincerely,

Jim Long
Officer-In- Charge

421 ATLANTIC ST
STAMFORD CT 06901-9998
(203) 326-2271
FAX: (203) 326-2274

Ex. 2(a)

0326


**UNITED STATES**
**POSTAL SERVICE**

May 28, 1996                    CERTIFIED # Z 167 137 309
                                REGULAR MAIL

Ms. Tanya Butler
595 Orchard St.
New Haven CT  06511-3215

Dear Tanya:

In regard to your letter of May 23, 1996, why are you unable to return work beginning on June 3, 1996, instead of May 25, 1996?  The results of the Fitness of Duty report indicate no medical reasons why you cannot work.

Until you are able to provide this information, your absences will be recorded as AWOL, (Absence Without Official Leave).

For operational reasons, your work schedule will be 9:00am - 6:00pm, with one hour lunch.  Your non-scheduled days will be Sunday and Tuesday.

Please contact me if there are any questions (203)  977-0894.

Sincerely,

*James Long*

James Long
Officer-In-Charge


421 ATLANTIC ST.
STAMFORD CT  06901-9998
(203) 326-2271
FAX: (203) 326-2274

Ex. 2(b)

**0327**